UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| KELLY SOWELL, et al., | : |
| Plaintiffs, | : |
| v. | : Civil Action No. 07-1659 (EGS) |
| GOVERNMENT OF THE DISTRICT OF COLUMBIA, | : |
| Defendant. | : |

Defendant, by counsel, hereby answers Plaintiffs' Complaint as follows (paragraph numbers below correspond to the paragraph numbers in the Complaint):

1. Defendant admits that this Court has jurisdiction pursuant to The Individuals With Disabilities Education Improvement Act of 2004, 20 U.S.C. 1400 et seq. ("IDEIA"). The remaining allegations in paragraph 1 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

2. Defendant admits the allegations in paragraph 2.

3. Defendant admits the allegations in paragraph 3.

4. Defendant admits that D.S. was a student at Benning Elementary School during the 2006-2007 school year. Defendant denies that the student is 6 years old. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 4 at this time.

5. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 5 at this time.

1

6. The allegation that Benning ES was not an appropriate placement is a conclusion of the pleader, to which no response is required. If a response is required, then the same are denied. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 6 at this time.

7. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 7 at this time.

8. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 8 at this time.

9. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 9 that DCPS would not increase any services until after completing new evaluations, and that the evaluations from Fort Foot were still valid. Defendant admits the remaining allegations in paragraph 9.

10. Defendant admits that a psychological report was conducted on November 10, 2006, and an MDT meeting was convened on December 18, 2006. The remaining allegations in paragraph 10 are the pleader's characterizations of the report which speaks for itself, to which no response is required. If a response is required, then the same are denied.

11. Defendant admits that a speech and language report was issued on November 20, 2006. The remaining allegations in paragraph 11 are the pleader's characterizations of the report which speaks for itself, to which no response is required. If a response is required, then the same are denied.

12. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 12 at this time.

13. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 13 at this time.

14. Defendant admits that DCPS proposed that the student should be in special education 85% percent of his day, while the parent proposed 100% special education services. The remaining allegations in paragraph 14 are the pleader's characterizations of the MDT meeting notes which speak for themselves, to which no response is required. If a response is required, then the same are denied.

15. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 15 at this time.

16. Defendant is without sufficient knowledge and information to answer the allegations in paragraph 16 at this time.

17. Defendant admits that it proposed Drew Elementary School as a placement. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 17 at this time.

18. Defendant admits that the hearing convened on April 17, 2007 in front of Hearing Officer Woods, and was continued to a later date. Defendant is without sufficient knowledge and information to answer the remaining allegations in paragraph 18 at this time.

19. Defendant admits that the hearing was rescheduled for May 22, 2007. Defendant denies the remaining allegation in paragraph 19.

20. Defendant admits the allegation in paragraph 20.

21. Defendant admits the allegation in paragraph 21.

22. Defendant admits the allegation in paragraph 22.

23. Defendant admits the allegation in paragraph 23.

24. Defendant admits the allegation in paragraph 24.

25. Defendant admits that the hearing was continued until June 1, 2007. The remaining allegations in paragraph 25 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

26. Defendant admits the allegations in paragraph 26.

27. Defendant admits the allegations in paragraph 27.

## COUNT I

28. Defendant incorporates as though restated each of the answers stated in paragraphs 1-27 above.

29. The allegations in paragraph 29 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT II

30. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 29 above.

31. The allegations in paragraph 31 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT III

32. Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 31 above.

33. The allegations in paragraph 33 are conclusions of law and/or the pleader, to which no response is required. If a response is required, then the same are denied.

## COUNT IV

34.     Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 33 above.

35.     The allegation in paragraph 35 is conclusion of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

## COUNT V

36.     Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 35 above.

37.     The allegation in paragraph 37 is a conclusion of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

## COUNT VI

38.     Defendant incorporates as though restated each of the answers stated in paragraphs 1 through 37 above.

39.     The allegations in paragraph 39 are conclusions of law and/or the pleader, to which no response is required.  If a response is required, then the same are denied.

**BY WAY OF FURTHER ANSWER**, Defendant denies all allegations contained in the complaint not otherwise responded to or admitted.

## FIRST AFFIRMATIVE DEFENSE

This Court is without jurisdiction because Plaintiffs failed to state a claim upon which relief can be granted.

## SECOND AFFIRMATIVE DEFENSE

The HOD is supported by substantial evidence in the administrative record and should be affirmed.

Respectfully submitted,

Peter J. Nickles
Interim Attorney General
for the District of Columbia

GEORGE C. VALENTINE
Deputy Attorney General
Civil Litigation Division

*/s/ Edward P. Taptich*
EDWARD P. TAPTICH [#012914]
Chief, Equity Section II

*/s/ Amy Caspari*
AMY CASPARI [#488968]
Assistant Attorney General
441 Fourth Street, N.W.
Sixth Floor South
Washington, D.C. 20001
(202) 724-7794

January 25, 2008

`